Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOCIATES, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> WHITE MARK UNIVERSAL INC. d/b/a "White Mark," a California corporation; BELK INC. d/b/a "Belk," a Delaware corporation; BELK ECOMMERCE LLC d/b/a "Belk," a North Carolina limited liability company; BLUESTEM BRANDS, INC. d/b/a "Fingerhut," a Delaware corporation; BORDERX LAB INC. d/b/a "BeyondStyle," a Delaware corporation; BOSCOV'S DEPARTMENT STORE, LLC d/b/a "Boscov's," a Pennsylvania limited liability company; CATALYST BRANDS LLC d/b/a "JCPenney," a Delaware limited liability company; IV MEDIA, LLC d/b/a "ShopHQ," a Michigan limited liability company; KOHL'S, INC. d/b/a "Kohl's," a Delaware corporation; LYST INC d/b/a "Lyst," a United Kingdom corporation; | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT; <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

COMPLAINT

1  MACY'S INC. d/b/a "Macy's," a
   Delaware corporation; MODESENS, INC.
2  d/b/a "ModeSens," a Texas corporation;
   TARGET CORPORATION d/b/a
3  "Target," a Minnesota corporation;
4  TRANSFORM SR HOLDING
   MANAGEMENT LLC d/b/a "Sears," an
5  Illinois limited liability company;
6  TUESDAY MORNING USA, LLC d/b/a
   "Tuesday Morning," a New Jersey limited
7  liability company; and DOES 1 through
8  10,

9  Defendants.
10

11

12      Plaintiff NEMAN BROTHERS & ASSOCIATES, INC., by and through its

13  undersigned attorneys, hereby prays to this honorable Court for relief based on the

14  following:

15                    **JURISDICTION AND VENUE**

16      1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101

17  *et seq*.

18      2.  This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and

19  1338 (a) and (b).

20      3.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and

21  1400(a) in that this is the judicial district in which a substantial part of the acts and

22  omissions giving rise to the claims occurred.

23                            **PARTIES**

24      4.  Plaintiff NEMAN BROS. & ASSOCIATES, INC., ("NEMAN") is a

25  corporation organized and existing under the laws of the State of California with its

26  principal place of business in Los Angeles, CA.

27

28                            - 2 -

                            COMPLAINT

1    5.  Plaintiff is informed and believes and thereon alleges that Defendant

2  WHITE MARK UNIVERSAL INC., doing business as "White Mark" ("WHITE

3  MARK"), is a California corporation, with its principal place of business located at

4  1220 Maple Avenue #911, Los Angeles, California 90015, who does business in and

5  with the state of California.

6    6.  Plaintiff is informed and believes and thereon alleges that Defendant

7  BELK, INC. is a Delaware corporation, with its principal place of business located at

8  160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615, who does business

9  in and with the state of California.

10    7.  Plaintiff is informed and believes and thereon alleges that Defendant BELK

11  ECOMMERCE LLC (together with BELK, INC., "BELK") is an North Carolina

12  limited liability company, with its principal place of business located at 160 Mine

13  Lake Court, Suite 200, Raleigh, North Carolina 27615, who does business in and

14  with the state of California. BELK owns, operates, and/or controls the commercial

15  website https://www.belk.com/ and its related/affiliated websites, subdomains, and

16  mobile applications, which allow consumers to purchase garments online.

17    8.  Plaintiff is informed and believes and thereon alleges that Defendant

18  BLUESTEM BRANDS, INC., doing business as "Fingerhut" ("FINGERHUT"), is a

19  Delaware corporation, with its principal place of business located at 13300 Pioneer

20  Trail, Eden Prairie, Minnesota 55347, who does business in and with the state of

21  California.

22    9.  Plaintiff is informed and believes and thereon alleges that Defendant

23  BORDERX LAB INC., doing business as "BeyondStyle" ("BEYOND"), is a

24  Delaware corporation, with its principal place of business located at 111 West

25  Evelyn Avenue, Suite 117, Sunnyvale, California 94086, who does business in and

26  with the state of California.

27

28

- 3 -

COMPLAINT

1        10.Plaintiff is informed and believes and thereon alleges that Defendant

2  BOSCOV'S DEPARTMENT STORE, LLC, doing business as "Boscov's"

3  ("BOSCOV'S"), is a Pennsylvania limited liability company, with its principal place

4  of business located at 4500 Perkiomen Avenue, Reading, Pennsylvania 19606, who

5  does business in and with the state of California.

6        11.Plaintiff is informed and believes and thereon alleges that Defendant

7  CATALYST BRANDS LLC, doing business as "JCPenney" ("JCPENNEY"), is a

8  Delaware limited liability company, with its principal place of business located at 11

9  Pennsylvania Plaza, New York, New York 10001, who does business in and with the

10  state of California.

11        12.Plaintiff is informed and believes and thereon alleges that Defendant IV

12  MEDIA, LLC, doing business as "ShopHQ" ("SHOPHQ"), is a Michigan limited

13  liability company, with its principal place of business located at 38955 Hills Tech

14  Drive, Farmington Hills, Michigan 48331, who does business in and with the state of

15  California.

16        13.Plaintiff is informed and believes and thereon alleges that Defendant

17  KOHL'S, INC., doing business as "Kohl's" ("KOHL'S"), is a Delaware corporation,

18  with its principal place of business located at N56 W17000 Ridgewood Drive,

19  Menomonee Falls, Wisconsin 53051, who does business in and with the state of

20  California.

21        14.Plaintiff is informed and believes and thereon alleges that Defendant LYST

22  INC., doing business as "Lyst" ("LYST"), is a United Kingdom corporation, with its

23  principal place of business located at The Minister building, 7th Floor, 21 Mincing

24  Land, London, EC3R 7AG, United Kingdom, who does business in and with the

25  state of California.

26        15. Plaintiff is informed and believes and thereon alleges that Defendant

27  MACY'S, INC., doing business as "Macy's" ("MACY'S"), is a Delaware

28

corporation, with its principal place of business located at 151 West 34th Street New York, New York 10001, who does business in and with the state of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant MODESENS, INC., doing business as "ModeSens" ("MODESENS"), is a Texas corporation, with its principal place of business located at 5900 Balcones Drive, Austin, Texas 78731, who does business in and with the state of California.

17. Plaintiff is informed and believes and thereon alleges that Defendant TARGET CORPORATION, doing business as "Target" ("TARGET"), is a Minnesota corporation, with its principal place of business located at 1010 Dale Street N., St Paul, Minnesota 55117, who does business in and with the state of California.

18. Plaintiff is informed and believes and thereon alleges that Defendant TRANSFORM SR HOLDING MANAGEMENT LLC, doing business as "Sears" ("SEARS"), is an Illinois limited liability company, with its principal place of business located at 5407 Trillium Boulevard, Suite B120, Hoffman Estates, Illinois 60192, who does business in and with the state of California.

19. Plaintiff is informed and believes and thereon alleges that Defendant TUESDAY MORNING USA LLC, doing business as "Tuesday Morning" ("TUESDAY") (collectively with BELK, FINGERHUT, BEYOND, BOSCOV'S, JCPENNEY, SHOPHQ, KOHL'S, LYST, MACY'S, MODESENS, TARGET, and SEARS, the "Retailer Defendants") is a New Jersey limited liability company, with its principal place of business located at 6250 Lyndon B. Johnson Freeway, Dallas, Texas 75240, who does business in and with the state of California.

20. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive (collectively with the Retailer Defendants and WHITE MARK, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's

COMPLAINT

copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

21. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NB180634

22. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design the name NB180634 (hereinafter "Subject Design") and registered it with the United States Copyright Office under Registration No. VAu 1-341-995.

23. Plaintiff did not know or have reason to know of any of Defendants' infringing conduct prior to three years before the filing of this Complaint.

24. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

25. Following this distribution of product bearing Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Design.

COMPLAINT

1    26. Plaintiff is informed and believes and thereon alleges that, without

2    Plaintiff's authorization, WHITE MARK, and certain Doe defendants created, sold,

3    manufactured, caused to be manufactured, imported and/or distributed fabric and/or

4    garments comprised of designs which are identical to or substantially similar to the

5    Subject Design ("Infringing Garments"). Such garments include but are not limited

6    to garments sold on https://www.whitemarkfashion.com bearing the label "White

7    Mark," and SKUs 9331-02, 9331-03, and 9331-04, indicating they were

8    manufactured or otherwise distributed by WHITE MARK.

9    27. Plaintiff is informed and believes and thereon alleges that, after creating,

10   selling, manufacturing, causing to be manufactured, and/or importing the Infringing

11   Garments, WHITE MARK distributed them to the Retailer Defendants, who in turn

12   sold them to the public without permission, license, consent or authorization from

13   Plaintiff. Screenshots of online listings offering the Infringing Garments for sale by

14   all Defendants are attached hereto as **Exhibit A**.

15   28. A comparison of Subject Design (left) and non-exclusive exemplars of the

16   Infringing Garments (right) is set forth below; it is apparent that the elements,

17   composition, colors, arrangement, layout, and appearance of the designs are

18   substantially similar:

19

20

21

22

23

24

25

26   ///

27   ///

28
- 7 -

COMPLAINT

| Subject Design | Infringing Garments Exemplar |
|---|---|
| <br> |  |

| Detail | Detail |
|---|---|





COMPLAINT

| Subject Design | Infringing Garments Exemplar |
|---|---|
|  |  |
| Detail | Detail |
|  |  |

| Subject Design | Infringing Garments Exemplar |
|---|---|
|  |  |
| Detail | Detail |
|  |  |
|  |  |

1

## **FIRST CLAIM FOR RELIEF**

2

(For Copyright Infringement – Against All Defendants, and Each)

3    29. Plaintiff repeats, realleges, and incorporates herein by reference as though

4 fully set forth, the allegations contained in the preceding paragraphs of this

5 Complaint.

6    30. Plaintiff is informed and believes and thereon alleges that Defendants, and

7 each of them, had access to Subject Design, including, without limitation, through

8 (a) access to Plaintiff's showroom and/or design library; (b) access to illegally

9 distributed copies of the Subject Design by third-party vendors and/or Doe

10 Defendants, including without limitation international and/or overseas converters

11 and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments

12 manufactured and sold to the public bearing fabric lawfully printed with the Subject

13 Design by Plaintiff for its customers.

14    31. Plaintiff is informed and believes and thereon alleges that one or more of

15 the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is

16 further informed and believes and thereon alleges that said Defendant(s) has an

17 ongoing business relationship with Defendant Retailers, and each of them, and

18 supplied garments to said retailers, which garments infringed the Subject Designs in

19 that said garments were composed of fabric which featured unauthorized print

20 design(s) that were identical or substantially similar to the Subject Design, or were

21 an illegal derivation or modification thereof.

22    32. Plaintiff is informed and believes and thereon alleges that Defendants, and

23 each of them, infringed Plaintiff's copyrights by creating, making, and/or developing

24 directly infringing and/or derivative works from the Subject Design and by

25 producing, distributing and/or selling garments which infringe the Subject Design

26 through a nationwide network of retail stores, catalogues, and through on-line

27 websites.

28

- 11 -

COMPLAINT

33. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

34. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

35. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

37. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

- 12 -

COMPLAINT

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

40. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

41. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

42. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

///
///

COMPLAINT

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///
///

- 14 -

COMPLAINT

1    Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P.

2    38 and 7th Amendment to the United States Constitution.

3

4                                              Respectfully submitted,

5

6    Dated: April 4, 2025            By:      */s/ Trevor W. Barrett*
                                              Trevor W. Barrett, Esq.
7                                             Andres Navarro, Esq.
                                              DONIGER / BURROUGHS
8                                             Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT